UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, a MINOR, by and through her Legal Guardian, JILL DOE,<br><br>Plaintiff,<br><br>v.<br><br>SIERRA COUNTY, a public entity, et al.,<br><br>Defendants. | No. 2:14-cv-01552-MCE-CKD<br><br>**MEMORANDUM AND ORDER** |

Through the present action, Plaintiff seeks damages based on Jane Doe's experiences with the Sierra County child welfare system. Presently before the Court is a motion by Defendants Sierra County and Janice Maddox ("Defendants") to dismiss Plaintiff's First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that Plaintiff cannot legally assert any claim for relief because she has failed to provide the legal name of the real party in interest in this action ("Motion"). ECF No. 24. For the following reasons, the Motion is GRANTED and Plaintiff will be given leave to file a Second Amended Complaint including the legal name of Jill Doe, Jane Doe's mother and legal guardian.[1]

---

[1] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local R. 230(g). See ECF No. 28.

**STANDARD**

"[A] party may preserve his or her anonymity in judicial proceedings in special circumstances when the need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1068 (9th Cir. 2000). Courts have permitted plaintiffs to use pseudonyms in three situations: "(1) when identification creates a risk of retaliatory physical or mental harm (citations omitted); (2) when anonymity is necessary 'to preserve privacy in a matter or sensitive and highly personal nature' (citations omitted); and (3) when the anonymous party is 'compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution'" (citations omitted). Id.; see Equal Employment Opportunity Comm'n v. ABM Indus. Inc., 249 F.R.D. 588, 592 (E.D. Cal. 2008).

In cases where pseudonyms are used to shield an anonymous party from retaliation, the following factors should be considered: the severity of the threatened harm, the reasonableness of the anonymous party's fears, and the anonymous party's vulnerability to retaliation. Advanced Textile, 214 F.3d at 1068. A court must "determine the precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured so as to mitigate that prejudice." Id. Finally, a court "must decide whether the public's interest in the case would be best served by requiring that the litigants reveal their identities." Id. (citation omitted).

**ANALYSIS**

Although the Opposition states that Defendants "have already demonstrated a willingness to cause harm to Jane and Jill Doe, and Jill has previously experienced retaliation for her efforts to secure services for Jane and reunify her family," ECF No. 26 at 2, Plaintiff concedes that Defendants are aware of the actual identities of both Jane

and Jill Doe, and accordingly a risk of retaliatory harm is not a proper basis for Jill Doe to proceed anonymously in this case. See id.  Rather, Plaintiff argues that the "sordid factual details of this case as set forth by the complaint" make it "difficult to imagine any more compelling reason to protect the identity of this family from further harm." Id. at 3. Plaintiff analogizes this case to those on matters such as abortion and birth control, pregnancy and parentage, discrimination, disclosure of sexual orientation, HIV status, religious adversity, sex crime victim status, and scandalous divorces. See id. at 2. Plaintiff further presses that Defendants will not be prejudiced if both Jane and Jill Doe proceed anonymously. See id. at 3.

In their Reply, Defendants note they "have every intention of filing a cross complaint against" Jill Doe, ECF No. 27 at 2, and that allowing Jill to proceed anonymously will prejudice Defendants and muddle the proceedings.  Moreover, Defendants contend that Jane and Jill Doe do not share the same last name, and thus Jane Doe's identity will not necessarily be revealed by the disclosure of Jill Doe's name. See id. at 3.

Under the facts of this case, the Court finds that Plaintiff has not demonstrated that Jill Doe's need for anonymity outweighs the prejudice, albeit slight, to Defendants and the public's interest in knowing Jill Doe's identity.  Although the facts in the FAC describe very personal details as it relates to Jane Doe's relationship with Defendants, there are insufficient factual allegations in the FAC describing Jill Doe's conduct that elevates this to the " 'unusual case' when nondisclosure of [her] identity 'is necessary…to protect [her] from harassment, injury, ridicule, or personal embarrassment.'" Advanced Textile, 214 F.3d at 1068-69.  In addition, it appears that requiring Jill Doe to participate in this lawsuit under her real name will not necessarily reveal Jane Doe's identity.

///

///

///

**CONCLUSION**

For the reasons stated above, Defendants' Motion, ECF No. 24, is GRANTED and Plaintiff will be given leave to file a Second Amended Complaint including the legal name of Jill Doe. If Plaintiff does not file a Second Amended Complaint within twenty (20) days after this Order is filed electronically, without further notice to the parties, Plaintiff's claims will be dismissed without leave to amend.

IT IS SO ORDERED.

Dated: October 2, 2014

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT