UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, a minor, by and through her Guardian Ad Litem, Latisha Hurtado<br><br>Plaintiff,<br><br>v.<br><br>SIERRA COUNTY, et al.,<br><br>Defendants. | No. 2:14-cv-01552-MCE-CKD<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Jane Doe ("Plaintiff"), a minor proceeding through her legal guardian and with the representation of counsel, has agreed to settle this civil rights action against all Defendants. Because Plaintiff is a minor, the settlement requires this Court's approval. See Robidoux v. Rosengren, 638 F.3d 1177, 1181 (9th Cir. 2011); E.D. Cal. Local R. 202(b). Plaintiff has filed an Ex Parte Petition that seeks the Court's approval of the proposed settlement. ECF No. 47. Defendants do not oppose the Petition. ECF No. 45. For the reasons that follow, Plaintiff's Petition is GRANTED.[1]

///

///

///

---

[1] A hearing was held on this matter on August 6, 2015.

# BACKGROUND[2]

Plaintiff was four years old when Defendant Sierra County Child Protective Services removed her and her seven-year-old brother from the care of their mother. Despite returning Plaintiff's brother shortly after removal, Defendants separated Plaintiff from her mother for nearly six years. Plaintiff lived in at least seven placement homes during that time period. Plaintiff, now twelve years old, "suffers from mental health disorders caused or exacerbated by her ordeal . . . has developed behavioral issues involving physical and sexual acting out, dishonesty[,] and lack of cooperation with teachers and other authority figures . . . ." SAC at 6.

Plaintiff's SAC identifies the following causes of action: violation of federal civil rights under 42 U.S.C. § 1983; Monell-related claims; violation of state civil rights; abuse of process; invasion of privacy; declaratory relief; and negligence.

Defendants "do not agree with [P]laintiff's characterization of the case," but have nevertheless agreed to settle this action. ECF No. 45. As noted above, Defendant's do not oppose Plaintiff's Petition for approval of the settlement. See id.

# STANDARD

> District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors. . . . In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." Dacanay v. Mendoza, 573 F.2d 1075, 1080 (9th Cir. 1978); see also Salmeron v. United States, 724 F.2d 1357, 1363 (9th Cir. 1983) (holding that "a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem").

---

[2] The following statement of facts is based on the allegations in Plaintiff's Second Amended Complaint ("SAC") (ECF No. 30).

Robidoux v. Rosengren, 638 F.3d 1177, 1181 (9th Cir. 2011); see also E.D. Cal. Local R. 202(b) ("No claim by or against a minor or incompetent person may be settled or compromised absent an order by the Court approving the settlement or compromise.").

As the Ninth Circuit explained in Robidoux, district courts should "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." 638 F.3d 1181-82. This determination is made "without regard to the proportion of the total settlement value designated for . . . plaintiffs' counsel . . . ." Id. at 1182.[3]

**ANALYSIS**

Under the proposed settlement, Defendants will pay a total of $80,000. Of that amount, $252.50 will be placed in a blocked account for Plaintiff, and $59,260 will be used to purchase an annuity for Plaintiff.[4] Through the annuity, Plaintiff will receive the following payments: a $7,000 lump sum on May 4, 2021; $500 every month for six years beginning on May 4, 2024 (i.e., a total of $36,000); and a $42,893 lump sum on May 4, 2030. Between the blocked account and the total payments from the annuity, the net amount distributed to Plaintiff will be $86,145.50.

After reviewing the facts of the case and Plaintiff's specific claims, the Court finds that the proposed settlement is fair and reasonable. Under Robidoux, this Court must also consider "recovery in similar cases." The parties did not identify any similar cases, and the Court was able to identify just one: McCue v. South Fork Union School Dist., No. 1:10-cv-00233-LJO-MJS, 2012 WL 2995666 (E.D. Cal. July 23, 2012). In McCue,

---

[3] Although the Ninth Circuit limited Robidoux to settlements of federal claims, "a number of district courts have applied the rule provided in Robidoux to evaluate the propriety of a settlement of a minor's state law claims as well." Mitchell v. Riverstone Residential Grp., No. Civ. S-11-2202 LKK/CKD, 2013 WL 1680641, at *2 (E.D. Cal. Apr. 17, 2013) (collecting cases).

[4] Plaintiff's counsel will receive the remainder of the $80,000; specifically, counsel will receive $650 for reimbursement of costs and $19,837.50 for attorneys' fees.

Kern County Child Protective Services removed the plaintiff from his parents and his home when he was seven years old. The plaintiff did not return home until more than three months after removal; the experience left him severely traumatized, and he subsequently suffered from major depression and post-traumatic stress disorder. After opining that "a fair and reasonable net settlement in this case must reach a sum in excess of $200,000 before it can be considered to be in the best interests of the minor and approved by this Court," the Magistrate Judge approved a settlement that "produced a net settlement of $210,054.67, and no less, to the child." McCue, 2012 WL 2995666, at *6, *7.

The Court notes that in this case, Plaintiff was separated from her mother for nearly six years—a period considerably longer than the three to four months that the plaintiff in McCue was separated from his home. And yet the plaintiff in McCue received $210,054.67, a sum significantly greater (nearly 250%) than the $86,145.50 that the Plaintiff in this case will receive under the proposed settlement agreement.

The Court nevertheless finds that the net amount distributed to Plaintiff under the proposed settlement agreement is fair and reasonable. First, McCue is just one case, and it is not binding on this Court. See Camreta v. Greene, ___ U.S. ___, 131 S. Ct. 2020, 2033 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case.") (citation omitted). Second, "recovery in similar cases" is just one factor under Robidoux; as explained above and at the hearing on this matter on August 6, 2015, the Court finds that the net amount distributed to Plaintiff under the proposed settlement agreement is fair and reasonable in light of the other considerations that the Ninth Circuit identified in Robidoux.

///
///
///
///

**CONCLUSION**

Plaintiff's Ex Parte Petition for Approval of the Proposed Settlement (ECF No. 47) is GRANTED, and the Court finds that the proposed settlement serves the best interests of Plaintiff. The Clerk of the Court is directed to close this action.

IT IS SO ORDERED.

Dated:  August 10, 2015

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT